IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MELVA C.,[1]

              Plaintiff,

    v.

KILOLO KIJAKAZI, Commissioner of
Social Security,

             Defendant.

Case No. 3:21-cv-01034-MK

**OPINION AND ORDER**

**KASUBHAI, U.S. Magistrate Judge.**

    Melva C. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Court affirms the Commissioner's decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

**I.    PLAINTIFF'S APPLICATION**

Plaintiff filed her application for SSI on April 11, 2018, alleging disability beginning April 4, 2017. (Tr. 213-22.) Plaintiff's claim was denied initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 125-39.) After an administrative hearing held in September 2020, ALJ Cynthia Rose issued a written opinion denying Plaintiff's claim. (Tr. 10-41, 42-72.) The Appeals Council denied Plaintiff's request for

review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6.) This appeal followed.

## II. THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari,* 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante,* 262 F.3d at 954 (citations omitted).

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 10-41.) At step one, the ALJ determined that Plaintiff had not engaged in

PAGE 3 – OPINION AND ORDER

substantial gainful activity since her amended alleged onset date of April 11, 2018. (Tr. 21.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: degenerative disc disease; obesity; posttraumatic stress disorder (PTSD); unspecified anxiety disorder; and unspecified depressive disorder. (Tr. 21.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 21.)

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the following limitations:

> [Plaintiff] can occasionally cimb ramps and stairs but never ropes, ladders, or scaffolds, she can occasionally balance, stoop, crouch, crawl, and kneel, she should avoid all workplace hazards, and she can have occasional contact with the public and coworkers.

(Tr. 23.)

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (Tr. 33.) At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. (Tr. 34.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 35.)

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's subjective symptom testimony; and (3) rejecting the lay witness testimony.

## DISCUSSION

### I. MEDICAL OPINION EVIDENCE

Plaintiff first argues that the ALJ improperly evaluated the medical opinions of James Powell, Psy.D., and Scott Alvord, Psy.D. An ALJ's decision to discredit any medical opinion must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater,* 100 F.3d 1462, 1464 (9th Cir. 1996)).

**1. James Powell, Psy.D.**

Dr. Powell opined that Plaintiff had marked limitations in following detailed instructions, sustaining a routine, completing normal workdays, and making independent plans. (Tr. 932-33.) Dr. Powell also endorsed moderation limitations in Plaintiff's attendance and in remembering locations and work-like procedures. (*Id.*)

The ALJ rejected these limitations as inconsistent with Dr. Powell's own treatment findings and with the overall medical record. (Tr. 20-21.) In the Ninth Circuit, an ALJ may discount part of a medical opinion when it is inconsistent with the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). As an initial matter, the ALJ determined that Dr. Powell's opinion was contradicted by the findings of S. Adamo, Psy.D., and Joshua Boyd, Psy.D., who both reviewed the available record and found that Plaintiff did not have a severe mental impairment, and that she suffered from only mild psychological limitations. (Tr. 97-98, 114-15.)

The ALJ next determined that Dr. Powell's assessment of severe psychological limitations was inconsistent with his observations and treatment notes, including that Plaintiff was alert and

on time for her appointment; that Plaintiff's speech was organized; that Plaintiff's comprehension was good; and that Plaintiff gave directed relevant answers to questions. (Tr. 19, 21-22, 27, 927.) The ALJ also noted that Dr. Powell determined that Plaintiff exhibited relatively good results with tasks involving nonverbal reasoning and visual processing. (Tr. 928-29.) These findings arguably contradict Dr. Powell's conclusions regarding Plaintiff's marked and moderate limitations.

Dr. Powell also specifically remarked that Plaintiff "did not appear to be overly depressed or anxious" on examination; and treatment notes also revealed that Plaintiff presented as pleasant and compliant, with stable mood, good eye contact, normal speech, and adequate comprehension. (Tr. 927.) On this record, it was rational for the ALJ to conclude that Dr. Powell's more severe findings conflicted with his assessments and observations of Plaintiff upon examination; and with the longitudinal medical record. *Tommasetti*, 533 F.3d at 1041.

**2. Scott Alvord, Psy.D.**

Dr. Alvord opined in September 2017 that Plaintiff had marked limitations adapting to work changes and interacting with others, as well as moderate limitations completing complex instructions. (Tr. 567-68.) The ALJ considered Dr. Alvord's assessment but found it unpersuasive. (Tr. 31.) First, the ALJ found that Dr. Alvord's assessment of marked limitations was contradicted by the weight of the medical evidence in the record, including the opinion of examining psychologist Patrick Ethel-King, Ph.D., and other treatment providers. An ALJ may discount part of a medical opinion when it is inconsistent with the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In her written opinion, that ALJ noted that Plaintiff's medical providers routinely found her to be alert and cooperative, with appropriate mood and affect, normal speech, and normal judgment. (Tr. 20, 25-26, 745, 757, 766, 770, 774-75, 805, 812, 822-23, 867, 879, 889.) Dr. Ethel-King, who performed a psychodiagnostics evaluation of Plaintiff in February

PAGE 6 – OPINION AND ORDER

2019, noted that Plaintiff had no difficulty with comprehension and no indication of a thought disorder. (Tr. 26.) Dr. Ethel-King's observations, considered together with the other treatment notes of record, suggest that Plaintiff was not markedly limited in her adaptability and in her interactions with others. It was thus reasonable for the ALJ to conclude that Dr. Alvord's opinion was unpersuasive because it was contradicted by substantial, credible medical evidence. *Tommasetti*, 533 F.3d at 1041.

The ALJ also noted that Dr. Alvord also rendered his opinion several months prior to Plaintiff's alleged onset date. (Tr. 31.) The ALJ is required to consider the supportability of a medical opinion given the longitudinal record. 20 C.F.R. § 416.920(c)(1). Here, Dr. Alvord rendered his opinion over six months prior to Plaintiff's alleged onset date of April 11, 2018. The fact that Dr. Alvord's opinion does not address Plaintiff's condition during the relevant period adds additional weight to the ALJ's evaluation of the medical evidence.

## II.   SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff next argues that the ALJ improperly rejected her subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). In a function report, Plaintiff testified that she suffers from back pain and has difficulty being around other people due to PTSD, anxiety, and depression. (Tr. 257.) At the administrative hearing, Plaintiff testified that she cannot work because she is unable to handle a lot of noise or be around other people. (Tr. 51.)

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. (Tr. 19-30.) The ALJ first noted that Plaintiff's statements regarding her symptoms and limitations were internally inconsistent. (Tr. 24.) The ALJ must consider the consistency of the claimant's own statements and "will compare statements an individual makes in connection with the

individual's claim for disability benefits with any existing statements the individual made under other circumstances." SSR 16-3p, 2017 WL 5180304 at *8. Here, while Plaintiff alleged that she could not work because of difficulties getting along with others and an inability to persist in tasks, she also reported finishing her tasks, following written and spoken directions adequately, and getting along with authority figures. (Tr. 20, 24, 51-52, 60-61, 257, 262.) This consideration adds some weight to the ALJ's analysis of Plaintiff's testimony.

The ALJ also found that Plaintiff's statements regarding her physical limitations were incompatible with the medical evidence. (Tr. 25.) The ALJ may consider objective medical evidence when assessing a claimant's testimony and may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. 20 C.F.R. 404.1529(c)(2); *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, the ALJ noted that while Plaintiff complained of debilitating psychological symptoms, Plaintiff's multiple medical providers routinely found her to be alert and cooperative, with appropriate mood and affect, normal speech, and normal judgment. (Tr. 20, 25-26, 745, 757, 766, 770, 774-75, 805, 812, 822-23, 867, 879, 889.) Despite Plaintiff's report to Dr. Powell that she experienced disabling social anxiety and mood instability, Dr. Powell himself commented that Plaintiff "did not appear overly depressed or anxious" on examination and noted pleasant and compliant behavior, stable mood, good eye contact, normal speech, and adequate comprehension. (Tr. 927.) Further, while Plaintiff complained of limitations due to spinal pain and weakness, Dr. Powell noted that Plaintiff presented without "any evidence of physical distress" and continued to demonstrate a normal range of motion. (Tr. 853, 867, 927.) On this record, it was reasonable for the ALJ to find that Plaintiff's complaints about her symptoms and limitations were not persuasive.

The ALJ also determined that Plaintiff's testimony regarding her disabling limitations was undermined by the fact that her symptoms were relieved using only inconsistent and intermittent treatment. (Tr. 30.) A claimant's course of treatment is a valid consideration for the ALJ when assessing the claimant's testimony. 20 C.F.R. § 404.1529(c)(3). Here, while Plaintiff claimed that she was unable to work due to severe mental limitations, she reported to Dr. Powell that she had no ongoing mental health treatment other than medication to manage her symptoms. (Tr. 21, 24, 27, 923.) Plaintiff also reported to her provider that she used only over the counter Tylenol and ibuprofen to manage her pain. (Tr. 922.) Plaintiff also declined referrals for mental health treatment. (Tr. 25, 769.) The ALJ's consideration of Plaintiff's treatment record was rational and supports her determination that Plaintiff's testimony was unpersuasive. In sum, the ALJ's evaluation of Plaintiff's testimony was supported by substantial evidence and free of harmful error.

### III.  LAY WITNESS TESTIMONY

Plaintiff argues, finally, that the ALJ erred because she ignored the lay testimony of Plaintiff's husband, Timothy C. The ALJ need only provide germane reasons for rejecting a lay witness's testimony. *Valentine*, 574 F.3d at 694. Here, Mr. C. reported that Plaintiff had difficulty standing, walking, reaching, performing postural activities, remembering, and getting along with others. (Tr. 25, 284-91.) The ALJ considered Mr. C.'s testimony and found it to be inconsistent with the medical evidence of record, including findings that Plaintiff exhibited normal strength and range of motion on examination. (Tr. 32-33.) An ALJ may reasonably rely upon a medical source opinion in favor of lay witness testimony. *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2005). Further, the ALJ noted findings of alert mental status, cooperative behavior, appropriate mood and affect, and adequate comprehension, that reasonably contradicted Mr. C.'s testimony

regarding Plaintiff's mental limitations. On this record, the ALJ provided germane reasons for rejecting the lay testimony of Mr. C.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED this 19th day of September 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
